UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DANIEL WAYNE WILLIAMS** | : | **DOCKET NO. 07-0688** |
| **VS.** | : | **JUDGE MINALDI** |
| **FARMERS TEXAS COUNTY MUTUAL INSURANCE, ET AL** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

On April 5, 2007, Daniel Wayne Williams ("Williams") filed the instant suit in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. Made defendants are Farmers Texas County Mutual Insurance Company ("Farmers") and Marilyn F. Knighten ("Knighten"). Petition for Damages ¶ 1 [doc. # 2-2]. Williams alleges that he suffered bodily injury and other damages as a result of an automobile accident involving a vehicle operated by Knighten. *Id.* at ¶¶ 2-3. Knighten was driving Earl Fuchs's ("Fuchs") vehicle, which was insured by Southern Farm Bureau Casualty Insurance Company ("Southern"). *Id.* at ¶¶ 2, 9. Knighten was also insured against liability and damages arising out of an auto accident, by Farmers. *Id.* at ¶ 10.

Williams alleges that he settled with Knighten and Southern for Fuchs's $50,000 policy limits (*id.* at ¶ 9),[1] reserving his rights against other insurers (*id.* at ¶ 10). Williams then made demand on Farmers under Knighten's policy, stating that his medical expenses would be more

---

[1] Williams released his claims against Knighten individually, unless the settlement with Southern was "ever deemed a release of any insurer other than [Southern]," in which case the settlement would be deemed null and void. Reply Memorandum in Support of Motion to Remand at "Settlement Agreement and Gasquet Partial Receipt and Release" [doc. # 12].

than the amount tendered by Southern, and that his damages included, but were not limited, to injuries to his back, neck and shoulder, aggravation of TMJ, pain and suffering, disability, mental anguish, loss of enjoyment of life, loss of earning capacity, and medical expenses. Farmers was not included in the Southern/Knighten settlement, and Williams alleges that though he made demand on Farmers, it "refuse[d] to acknowledge liability . . . for the injuries [Williams] sustained in the . . . accident." *Id.* at ¶ 14.

On April 19, 2007, Farmers removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. On May 17, 2007, Williams filed the instant motion to remand [doc. # 9] on grounds that the requisite threshold amount for the exercise of diversity jurisdiction ($75,000+) is lacking. The matter is now before the court.[2]

The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it. *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961). In cases removed on the basis of diversity jurisdiction, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000+. The Fifth Circuit requires that "[t]he defendant . . . make this showing either . . . (1) by demonstrating that it is 'facially apparent' [from the plaintiff's petition] that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citing, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)).

---

[2] The motion to remand has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A)

In this suit Williams names both Farmers and Knighten as defendants, but he specifically asks only for "all damages reasonable . . . **to the full extent of the liability insurance limits**." Petition ¶ 14 (emphasis added) [doc. 2-2]. Williams's petition also states that he has settled his claims with Knighten,[3] and that he has named her as a defendant in this case because Louisiana's direct action statute allowing lawsuits against insurance companies requires that the insured be named in the lawsuit as well. LSA-R.S. § 22:655(b). Petition for Damages ¶ 11 [doc. # 2-2]. As Williams's claim against Knighten has been settled, and as Williams has asked only for her insurance policy limits, this claim on its face is limited to the limits of Knighten's Farmers liability insurance policy. Therefore, the policy limits will determine whether Farmers has proved an amount in controversy sufficient for diversity jurisdiction.

Neither Williams nor Farmers has produced the insurance policy, however Williams's motion to remand states that he has been informed by Farmers's attorney that the Farmers policy limit is $50,000 per person, and that therefore, "[i]f the letter from defense counsel [stating the policy "limits of 50/100"] is correct, the amount in controversy does not exceed the $75,000 jurisdictional requirement of 28 U.S.C. 1332." Motion to Remand ¶ 3, Exhibit [doc. # 9]. Farmers has not disputed that Knighten's policy limits liability to $50,000 per individual claimant. Neither have they shown any manner in which the policy's limit can be extended to reach the jurisdictional threshold.

---

[3] The agreement states that Williams's "rights are reserved against [] Knighten only to preserve William's [sic] claim against any other insurance company that may provide liability coverage to [] Knighten applicable to the [] accident . . . No judgment will be sought against [] Knighten individually whether or not there is any other available insurance in favor of [] Knighten." Reply Memorandum in Support of Motion to Remand and Settlement Agreement and Gasquet Partial Receipt and Release (emphasis in original) [doc. # 12].

Accordingly, the undersigned finds that the defendant has failed to establish by a preponderance of evidence that the amount in controversy exceeds $ 75,000. Therefore we may not properly exercise diversity jurisdiction. 28 U.S.C. § 1332.

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's motion to remand [doc. # 9] be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on July 13, 2007.

*[signature]*
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE